UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FREDDI CHAVELAS RESENDIZ,

    Plaintiff,

-against-

GRISHMA CORP. d/b/a GRAND AVENUE SUPERMARKET, SAAHIL GROCERY INC. d/b/a GRAND AVENUE SUPERMARKET, SUNIL PATEL a/k/a SUNNI PATEL, and INDIRA PATEL,

    Defendants.

---

Civil Action No.: 1-15-cv-04840-FB-ST

## JOINT STIPULATION OF SETTLEMENT AND GENERAL RELEASE

**WHEREAS**, Freddi Chavelas Resendiz ("Plaintiff") has alleged that he has been the subject of unlawful employment practices by GRISHMA CORP. d/b/a GRAND AVENUE SUPERMARKET, SAAHIL GROCERY, INC. d/b/a GRAND AVENUE SUPERMARKET, SUNIL PATEL a/k/a SUNNI PATEL, and INDIRA PATEL (collectively referred to herein as "Defendants");

**WHEREAS**, Plaintiff commenced an action against Defendants on August 18, 2015, in the United States District Court for the Eastern District of New York (the "Court"), bearing Docket No. 15 CV 04840 (FB)(ST) (the "Action");

**WHEREAS**, Defendants Saahil Grocery, Inc., Sunil Patel, and Indira Patel (collectively referred to herein as the "Answering Defendants") filed their Answer denying Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS**, Defendant Grishma Corp. has failed to answer or otherwise appear in the Action to date;

**WHEREAS**, Plaintiff and the Answering Defendants (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against the Answering Defendants, including, but not limited to, all claims and issues that were or could have been raised by Plaintiff, by way of this Joint Stipulation of Settlement and General Release ("Agreement");

**WHEREAS**, Plaintiff's counsel of record in the Action and the Answering Defendants' counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of the bona fide dispute between the Parties;

**WHEREAS**, the Parties acknowledge that this Agreement is not binding unless approved by the Court;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff by Defendant Saahil Grocery, Inc., of the gross sum of Twenty Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Amount"), to which Plaintiff is not otherwise entitled, Plaintiff hereby releases and forever discharges Answering Defendants SAAHIL GROCERY, INC. d/b/a GRAND AVENUE SUPERMARKET, SUNIL PATEL a/k/a SUNNI PATEL, and INDIRA PATEL as well as their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with the Answering Defendants, deemed by Plaintiff to be "employers," both individually and in their official capacities, as well as the Answering

*[initials: SεP    I.S.P]*

Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff, his heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Agreement. Said release includes, but is not limited to, all claims set forth in the Action, all claims of unpaid compensation, improper notice, improper deductions, unpaid overtime, discrimination, wrongful discharge, harassment, retaliation, negligence, and all tort, contractual, or statutory claims, claims arising under any federal, state, local, common law, including but not limited to, all claims under the Fair Labor Standards Act, New York Labor Law, Title VII of the Civil Rights Act of 1964, New York State Executive Law, the New York City Human Rights Law, the Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Equal Pay Act, Americans with Disabilities Act, Family and Medical Leave Act, 42 U.S.C. Section 1981 and 1983, the Genetic Information Nondiscrimination Act, the Immigration Reform and Control Act, the Occupational Safety and Health Act, Labor Management Relations Act of 1947, and the National Labor Relations Act. This General Release shall include, without limitation, any and all claims relating to, or in any manner connected with Plaintiff's employment with the Answering Defendants. Plaintiff acknowledges that this release encompasses all claims he had or may have in conjunction with his employment at the Grand

3

Avenue Supermarket, located at 85-15 Grand Avenue, Elmhurst, New York, from 2002 through the date this Agreement is fully executed.

2.  In further consideration for the release of the Answering Defendants by Plaintiff, the Answering Defendants hereby release and forever discharge Plaintiff, as well as Plaintiff's heirs, executors, administrators, agents, successors, and assigns, from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which the Answering Defendants, and as applicable, their respective heirs, executors, administrators, agents, successors, and assigns, as well as current and former owners, managers, supervisors, employees, directors, officers, shareholders, accountants, attorneys, insurers and insurance carriers, agents, parent companies, predecessors, successors, and subsidiaries, have, had, or hereafter can have against Plaintiff, from the beginning of time to the date of the Agreement. This General Release shall include, without limitation, any and all claims relating to, or in any manner connected with Plaintiff's alleged employment with the Answering Defendants.

3.  Contemporaneous with Plaintiff's execution of this Agreement, Plaintiff's counsel will execute a Stipulation of Dismissal with Prejudice (the "Stipulation"), attached as Exhibit A, dismissing with prejudice the Action as against the Answering Defendants. Upon receipt of the fully-executed Agreement and Stipulation, counsel for Plaintiff shall file the fully-executed Agreement and Stipulation with the Court.

4.  Contemporaneous with Plaintiff's execution of this Agreement, Plaintiff will complete W-4 and W-9 tax forms and will provide same to the Answering Defendants' counsel.

*SeP*            I.S.P

5. In consideration of the representations, warranties, covenants and releases contained herein, Defendant Saahil Grocery, Inc. shall provide a payment to "Freddi Chavelas Resendiz" in the amount of $25,000.00, in two separate bank checks: one such bank check will be payable in the amount of $12,500.00, less applicable deductions, taxes and withholdings, which for one bank check shall be reported on an IRS Form W-2 and represent compensation for wages, and the second bank check – with no withholdings for such second bank check – to be reported on an IRS Form 1099 to represent compensation for liquidated damages. Each bank check shall be delivered to Young Woo Lee, Esq., The Legal Aid Society, Employment Law Unit, 199 Water Street, 3rd Floor, New York, NY 10038. Both bank checks shall be delivered within 7 days of the Court's approval of the fully-signed Agreement and So Ordering of the Stipulation..

6. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies and will also withdraw with prejudice all judicial actions, including this Action, and as well as any and all other lawsuits, claims, demands or actions pending against the Answering Defendants and Releasees, both individually and in their/its official capacities. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against the Answering Defendants and Releasees for any conduct occurring prior to the date of this Agreement as they acknowledge no valid basis for filing such claims. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or

5

resulting from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Nothing in this Agreement, including, but not limited to, Paragraphs 5 and 8, shall prevent Plaintiff from filing a charge of discrimination with any agency, cooperating with an investigation by an agency, or making a report of possible violations of law or regulation to a governmental agency or other entity; however, this Agreement shall bar them from receiving monetary compensation in connection therewith.

7. Plaintiff acknowledges that the consideration as set forth in this Agreement is sufficient. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8. Plaintiff agrees, subject to receiving the Settlement Amount, that he will not claim that he has not been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

9. Plaintiff agrees that he shall not make any: (a) statement, written, oral or electronic, which in any way disparages the Answering Defendants, any employee Plaintiff knows to be employed by the Answering Defendants, or the Answering Defendants' business practices. The Answering Defendants agree that they will not make any statement, written, oral,

or electronic which in any way disparages the Plaintiff. Nothing herein prevents Plaintiff from referring to publicly available information on the Court's docket.

10.     In response to any inquiries from prospective employers, the Answering Defendants will state that pursuant to its policy it can provide only Plaintiff's dates Plaintiff was employed by the Answering Defendants and position held, which was the position of stock clerk from the dates of December 2012 through August 2013.

11.     The Parties acknowledge that this Agreement does not constitute an admission by the Answering Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by the Answering Defendants that Plaintiff's claims have merit. In fact, Plaintiff acknowledges that the Answering Defendants explicitly refute and deny any claims of wrongdoing.

12.     Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

13.     Plaintiff is competent to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Answering Defendants from any claims by or relating to Plaintiff.

14. Plaintiff confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of the Answering Defendants to execute this Agreement.

15. Plaintiff affirms that he is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

16. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation.

17. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

18. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

19. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

20. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for the Answering Defendants,

Sandeep Chatrath, Esq., The Chatrath Law Firm, P.C., 170 Old Country Road, Suite 316, Mineola, New York 11501; telephone (516) 812-9600; facsimile (516) 812-9601, sc@chatrathlaw.com, and counsel for Plaintiff, Young Woo Lee, Esq., The Legal Aid Society, 199 Water Street, 3rd Floor, New York, New York 11103; telephone (212) 577-3533, facsimile (646) 616-9287, YWLee@legal-aid.org.

21.     Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement prior to their execution of the same. Plaintiff further represents that he has been provided the opportunity of at least twenty-one (21) days to review this Agreement, and that to the extent he executes this Agreement before that twenty-one (21) day period expires, he freely and voluntarily elects to forgo waiting twenty-one (21) days prior to their execution of the Agreement. Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily. Plaintiff further understands that he can revoke his acceptance by communicating his revocation in writing, so as to be received by counsel for the Answering Defendants within seven (7) days of Plaintiff's execution of the Agreement in accordance with the notice provisions in Paragraph 19.

**IN WITNESS WHEREOF**, Plaintiff and the Answering Defendants have duly executed this Joint Stipulation of Settlement and General Release freely and voluntarily.

_____
FREDDI CHAVELAS RESENDIZ


_____
SUNIL PATEL


_____
INDIRA PATEL

SAAHIL GROCERY, INC.
By: Sunil Patel
Title: Authorized Signatory

_____
Young Woo Lee, Esq.
The Legal Aid Society
Counsel for Plaintiff

_____
Sandeep Chatrath, Esq.
The Chatrath Law Firm, P.C.
Counsel for Defendants Saahil Grocery, Inc., Sunil Patel
and Indira Patel

STATE OF NEW YORK   )
COUNTY OF NEW YORK  ) ss.:

On _____April 7_____, 2016, before me personally came FREDDI CHAVELAS RESENDIZ, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

YOUNG WOO LEE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LE6246575
Qualified in Queens County
My Commission Expires ~~August 15, 2015~~
December 24, 2019

10

Sandeep Chatrath, Esq., The Chatrath Law Firm, P.C., 170 Old Country Road, Suite 316, Mineola, New York 11501; telephone (516) 812-9600; facsimile (516) 812-9601, sc@chatrathlaw.com, and counsel for Plaintiff, Young Woo Lee, Esq., The Legal Aid Society, 199 Water Street, 3rd Floor, New York, New York 11103; telephone (212) 577-3533, facsimile (646) 616-9287, YWLee@legal-aid.org.

21. Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement prior to their execution of the same. Plaintiff further represents that he has been provided the opportunity of at least twenty-one (21) days to review this Agreement, and that to the extent he executes this Agreement before that twenty-one (21) day period expires, he freely and voluntarily elects to forgo waiting twenty-one (21) days prior to their execution of the Agreement. Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily. Plaintiff further understands that he can revoke his acceptance by communicating his revocation in writing, so as to be received by counsel for the Answering Defendants within seven (7) days of Plaintiff's execution of the Agreement in accordance with the notice provisions in Paragraph 19.

**IN WITNESS WHEREOF**, Plaintiff and the Answering Defendants have duly executed this Joint Stipulation of Settlement and General Release freely and voluntarily.

_____
FREDDI CHAVELAS RESENDIZ

_____*S Patel*_____
SUNIL PATEL

___*Indira S Patel*_____
INDIRA PATEL

*SPatel*
_____
SAAHIL GROCERY, INC.
By: Sunil Patel
Title: Authorized Signatory


_____
Young Woo Lee, Esq.
The Legal Aid Society
Counsel for Plaintiff


_____
Sandeep Chatrath, Esq.
The Chatrath Law Firm, P.C.
Counsel for Defendants Saahil Grocery, Inc., Sunil Patel
and Indira Patel

STATE OF NEW YORK   )
COUNTY OF NEW YORK  ) ss.:

On _____, 2016, before me personally came FREDDI CHAVELAS RESENDIZ, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC